Denise R. BERRY, Plaintiff–Appellant,

v.

SUNRISE HOME HEALTH CARE, INC.; Michelle Cook, Individual and Official Capacity, Defendants–Appellees.

No. 00–4367.

United States Court of Appeals, Sixth Circuit.

Aug. 9, 2001.

Before KEITH, NORRIS, and BATCHELDER, Circuit Judges.

Denise R. Berry appeals a district court order dismissing her employment discrimination action filed under Title VII, 42 U.S.C. § 2000e–2. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking declaratory and monetary relief, Berry sued her former employer, Sunrise Home Health Care, and one of its employees, alleging that the defendants discriminated against her because of her race, age, and sex when they terminated her employment. Berry also alleged several state law claims. The district court concluded that her federal claims failed to state a claim, declined to exercise jurisdiction over her state claims, and dismissed the case without prejudice. The court, in a marginal entry, subsequently denied her motion to alter or amend the judgment. Berry has filed a timely appeal.

Upon review, we conclude that the district court properly dismissed Berry's federal claims for failure to state a claim. This court reviews de novo a district

court's dismissal of a case for failure to state a claim. *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir.1998). The court must construe the complaint in the light most favorab' to the plaintiff, accept her factual allegations as true, and determine whether she can prove any set of facts in support of her claims that would entitle her to relief. *Id.*

■ Berry has failed to state a claim of employment discrimination. To prove a prima facie case of employment discrimination, Berry must show that she: 1) is a member of a protected group; 2) was subject to an adverse employment decision; 3) was qualified for the position; and 4) was replaced by a person outside of the protected class. *See Kline v. Tenn. Valley Auth.*, 128 F.3d 337, 349 (6th Cir.1997). Berry has not alleged a prima facie case of employment discrimination.

■ Berry also argues that the district court improperly dismissed her complaint after a hearing because she did not have notice that dismissal would be discussed at the hearing. However, the defendants had filed a motion to dismiss, and Berry had filed a response to this motion. Further, the district court had directed Berry to file an amended complaint because her original complaint did not set forth sufficient facts to survive a Fed.R.Civ.P. 12(b)(6) motion. Therefore, Berry had notice and an opportunity to respond prior to the district court's dismissal of the complaint, and her argument is without merit.

Accordingly, this court affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.